Evans J.
delivered the opinion of the Court.
The first ground was not argued in this Court and may be considered as abandoned.
It would be a waste of words to attempt to prove that the proceedings of a Court of limited jurisdiction, in a case clearly without its jurisdiction, are absolutely void, and may be so declared whenever the question is presented, whether directly, or collaterally.
The second ground presents a question of more difficulty. The defendant contends that being in possession, not as a lessee, but as a purchaser of the fee, he is entitled to stand on the great and acknowledged principle that that possession shall not be disturbed until the plaintiff shall have made out a perfect title to the land. That is clearly the general rule, but there are many exceptions to it. In a question between a purchaser at sheriff’s sale and the defendant, as whose property the land was sold, the purchaser is bound to prove nothing more than the authority of the sheriff to sell. So, also, in the case between lessor and lessee, the latter cannot dispute the title of his lessor, or put him to the proof of it. In such case the title of the lessee is the title of the lessor. He went into possession under it, he rests upon it to maintain and justify his possession, and cannot be allowed to dispute it, without a violation of the contract by which he obtained possession, and a breach of that faith in reliance on which the possession was given. To these cases the doctrine of estoppel applies. Weathersby v. Wilson, 1 N. & M’C. 373, in note. This, however, is not a case between lessor and lessee, but one where the defendant entered under the plaintiff’s title as a purchaser in fee, and therefore, on the authority of the case of Blight v.
*3 Rochester, 7 Wheat. 535, it is contended, that the doctrine of estoppel does not apply. This may be conceded to be correct, and is in perfect consistency with the decision of the Circuit Court; which admitted the defendant to go into evidence of any independent title, if he could do so.
No evidence of any defect in the title of the elder Hill was offered, and the case therefore was unlike the case of Blight v, Rochester. In that case the plaintiffs claimed as heirs at law of John Dunlap under a conveyance from Hunter, who it was said had purchased from John Dunlap; but there was no proof that the defendant knew how Hunter derived his title, or that it was recited in his deed that he derived title from the plaintiff’s ancestor. It was in evidence that James Dunlap, the former owner, was an alien, and of course could not transmit the inheritance to his brother John, who claimed as heir at law; and the Court decided, that the defendant thus claiming was not estopped from shewing that John Dunlap had no title which had descended to the plaintiff, and therefore the maxim, melior est conditio possidentis, applied. All that was decided on the circuit, and all that is meant to be affirmed in this Court, is, that in deducing the plaintiff’s title he was not compelled to go farther than the source from which both derived their title. This was the decision in the case of Thomas et al. v. Jeter et al., 1 Hill 380. In that case the plaintiff claimed under a sheriff’s sale, and the defendant under a conveyance older that the judgment under which the sheriff sold. It was decided that the plaintiff was not obliged to shew title in the person from whom both derived their title. This was not on the ground of estoppel, but on another great principle which is referred to by Ch. J. Marshall in the case in 7 Wheat. 535, before referred to, that it is against the moral policy of the law to permit one to dispute the title under which he took possession of the land. By entering on the land under the title, he admits it prima facie to be good ; although such admission may not, as in cases of estoppel, preclude him from shewing a better title.
The motion is dismissed.